**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GRISELLE ROLON CORTES,<br><br>    Plaintiff,<br><br>        v.<br><br>FERNANDO FAGUNDO, ET AL.,<br><br>    Defendants. | CV. NO. 04-1390 (PG) |

**OPINION AND ORDER**

    This matter is before the Court on co-defendants Elsie Ketty Pagan and Ivan Flores' motions to dismiss or quash service of process, and to amend the Minutes of the January 18, 2005 Status Conference. (Docket Nos. 21, 28, and 29)  They have made special appearances in their personal capacities, without submitting to the Court's jurisdiction, to contest plaintiff's service of the summons and complaint.  To date, Pagan has yet to served.  See Docket No. 27 at 1 (requesting an extension of time to serve process).  Flores, however, was served on January 18, 2001, though concededly well beyond the 120-day period accorded by Fed.R.Civ.P. 4(m), the instant complaint having been filed on May 4, 2004.  (Docket No. 1)  As set by the Clerk of Court, the deadline for service of process expired on September 3, 2004.  (Docket No. 2)

    Because plaintiff claims that she was granted an extension to effect service at the January 18, 2005 Status Conference, and such an extension would alter the Court's analysis, the Court first addresses defendants' motion to correct the Minutes. (Docket No. 28)  The Minutes unequivocally state that "[t]he Court granted plaintiff 15 days to complete the summons process."  (Docket No. 24, filed January 18, 2001) Defendants contend, however, that although plaintiff requested an extension at the Status Conference, there is an error in the Minutes because they objected to the extension request and were ordered by the Court to make their objection in writing, which they did.  Id. at 2-3.

Cv. No. 04-1390 (PG)                                                      Page 2

Indeed, the Court held the extension request in abeyance, pending defendants' written objections, given that this was the second time that plaintiff had requested an extension outside the service period to serve these very defendants. (Docket No. 19, Minutes of Status Conference held 12/16/2004).  It is also of import that plaintiff omits any mention of an extension of time in her opposition to the Motion to Dismiss (Docket No. 22), waiting instead until her surreply.  Moreover, in view of the careful phrasing of plaintiff's request, which states that the Minutes, not the Court, granted the extension (Docket No. 28), the Court has no qualms about amending nunc pro tunc the Minutes of the January 18, 2005 Status Conference (Docket No. 24), to read as follows:

> Status Conference held on 1/18/2005.  Attorneys Alice Net Carlo, Susana Penagaricano, Raul Castellanos and Mariluz Cardona were present.  The Court is informed as to the status of the case. Parties already held a Rule 26 meeting wherein documents were exchanged and requests for disclosures were made.  Defendants provided plaintiff today in chambers a copy of plaintiff's personnel file with the PR Highway Authority. Attorney Alice Net Carlo requested the psychiatrist to produce plaintiff's record. A deposistion schedule was set:  Ivan Flores set for March 10, 2005 at 2:00 P.M.; Wilma Juarbe Perez set for February 24, 2005 at 2:00 P.M.; plaintiff will be deposed on April 4, 2005 at 10:00 A.M. once medical records are received.  Plaintiff requested an extension of 15 days to serve the summons and complaint to defendants Elsie Ketty Pagan and Ivan Flores in their personal capacities. Defendants objected.  The Court ordered defendants to make their objections in writing.  A further Status Conference is set for 4/12/2005 at 08:45 AM before Judge Juan M Perez-Gimenez.

Defendant's Motion to Amend the Minutes (Docket No. 28), is accordingly **GRANTED**.

Having resolved that the matter of the extension remains pending, the Court now proceeds to rule upon said request as well as defendants' motions to dismiss for failure to serve within the 120-day period.

Pursuant to Rule 4(m), "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice

to the plaintiff, shall dismiss the action without prejudice or direct that service be effected within a specified time...." If plaintiff shows good cause for the delay, however, the Court shall extend the time for service. Id.

It is plaintiff's burden to demonstrate the requisite cause, see United States v. Ayer, 857 F.2d 881, 884-85 (1st Cir. 1988), which may be found where defendant evades service or where the identity of the defendant cannot be ascertained. See generally Advisory Committee's Notes on Fed.R.Civ.P. 4(m). Here, plaintiff should have effectuated service by September 3, 2004, and having failed, she orally requested an extension on December 16, 2004. She requested another at the January 18, 2005 status conference, perfunctorily claiming that defendants were evading service, but providing no detailed information regarding her frustrated attempts.

In fact, when plaintiff went to defendants' offices immediately following the January 18 status conference, she had no trouble serving Flores, and provided no grounds for why she had difficulties serving Pagan. Under the circumstances, the matter of the extension becomes **MOOT** as to Flores, and the Court finds that she has failed to show good cause for an extension as to Pagan. Dismissal of the complaint as to these defendants is therefore appropriate.

Courts are nevertheless accorded discretion to enlarge the 120-day period "even if there is no good cause shown," see Henderson v. U.S., 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes on Fed.R.Civ.P. 4). Defendant having personally served Flores, who is also a party in his official capacity, and who has already been deposed (Docket No. 24), the Court finds that Flores was not prejudiced by the tardiness because he had actual notice of the lawsuit. See Benjamin v. Grosnick, 999 F.2d 590, 591-592 (1st Cir. 1993) (considering prejudice as a factor in dismissal under predecessor rule). Conversely, dismissal will prejudice plaintiff because the statute of limitations will have run on her federal claim. Id.

Defendant Flores' motion to quash on account of the deficiencies in

Cv. No. 04-1390 (PG)                                                              Page 4

the proof of service is to no avail.  (Docket No. 29)  Aside from the untimeliness of the service, he has not quibbled about the sufficiency of the process, and "[f]ailure to make proof of service does not affect the validity of the service." Fed.R.Civ.P. 4(*l*); Morse v. Elmira Country Club, 752 F.2d 35, 40 (2d Cir. 1984).  Therefore, the Motion to quash (Docket No. 29) is **DENIED,** and defendant Flores in his personal capacity ordered to file his answer within ten days.  See Fed.R.Civ.P. 12(a)(4)(A).

However, it is now almost a year since the deadline for service expired, and plaintiff has yet to serve defendant Pagan in her personal capacity.  Although Pagan is in a similar position to Flores, also sued in her official capacity, there is no showing on the record that she has been deposed or that plaintiff continued efforts to serve her.  Therefore, the record reflecting that plaintiff has not shown the same assiduousness in pursuing her claim against defendant Pagan in her personal capacity, the motion for an extension is **DENIED**, and the motion to dismiss (Docket No. 21), is **GRANTED IN PART AND DENIED IN PART; GRANTED** as to the dismissal of the claims against Pagan, and otherwise **DENIED**.  Partial Judgment shall issue dismissing without prejudice the claims against Pagan in her personal capacity.

In its review of the record, the Court noted that the deadline for the filing of dispositive motions expired on July 29, 2005, and that a pretrial conference is scheduled for August 23, 2005.  Plaintiff is on notice that the Court will brook no further delays in the prosecution of this case.

**SO ORDERED.**

In San Juan, Puerto Rico, August 18, 2005.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE